IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - CLEVELAND

| | |
|---|---|
| **COREY L. SANDERS,** | **CASE NO. 1:23-cv-900** |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| **SHERIFF CHRISTOPHER P. VILAND,** in his official and individual capacity; | |
| **TERRY BOYCE** in their official and individual capacity; | |
| **UNKNOWN METROHEALTH SYSTEM CLINICAL STAFF MEMBERS,** in his/her official and individual capacity; | |
| *Defendants.* | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action arising from Plaintiff's treatment at Cuyahoga County Jail in Cleveland, Ohio. Plaintiff is seeking damages for Defendants' violation of 42 U.S.C. §1983.

## II. PARTIES

2. Plaintiff, Corey Sanders ("Plaintiff" or "Sanders"), was at all times relevant a prisoner in the custody of the Ohio Department of Corrections.

3. Plaintiff was confined in the Cuyahoga County Jail in the city of Cleveland, State of Ohio, at all pertinent times relevant to this litigation.

4. Defendant, Christopher P. Viland ("Sheriff"), in his official and individual capacity, was the duly elected Sheriff of Cuyahoga County, Ohio, at all times relevant to this litigation.

5. Defendant, Terry Boyce ("Boyce"), was employed by the Cuyahoga County Jail in the city of Cleveland, State of Ohio, at all times relevant to this litigation.

6. Defendants, UNKNOWN METROHEALTH SYSTEM CLINICAL STAFF MEMBERS, was and are employees of the MetroHealth System, the established Correctional Health Program medical care provider for the Cuyahoga County Corrections Center, in his/her official and individual capacity, at all times relevant to this litigation.

## III. JURISDICTION & VENUE

7. This is a civil action for money damages brought pursuant to 42 U.S.C. §1983, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

8. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

9. In accordance with 28 U.S.C. § 1367, this Court maintains supplemental jurisdiction over Plaintiff's state law claim for negligence and negligent infliction of emotional distress.

10. Venue in this action is properly in the Northern District of Ohio as the events relevant to this action occurred within the geographical confines of the Northern District of Ohio.

## IV. FACTUAL ALLEGATIONS

### First Incident

11. On May 10, 2021, both the Plaintiff and Jamell Gaines ("Gaines") were inmates in the Cuyahoga County Jail in Cleveland, Ohio.

12. On this date, both Plaintiff and were confined in the Jail Housing Unit known as "Jail 1/7C."

13. That morning, at the approximate time of the incident, the time-period encompassing "first shift," Defendant Boyce was the corrections officer assigned to the Jail Housing Unit known as "Jail 1/7C."

14. At approximately 7:00 am, and in accordance with regular morning Jail procedures, all cell doors in the Jail 1/7C unit were unlocked.

15. Immediately following the unlocking of the cell doors, Defendant Boyce departed his assigned post in unit Jail 1/7C, abandoning the unit, leaving it unsupervised.

16. Shortly thereafter, and without any provocation by Plaintiff, Gaines began violently attacking Plaintiff.

17. During this brutal and vicious attack, Gaines repeatedly punched and kneed Plaintiff in the head and face.

18. As a result of Defendant Boyce abandoning the Jail 17/C unit, leaving the unit and inmates unsupervised, no authorities were present to prevent and stop the heinous attack.

19. Plaintiff sustained severe injuries in the attack, he was escorted to the Jail medical department.

20. In the medical department, several x-rays of Plaintiff's face were taken by the MetroHealth System staff physician.

21. After the x-rays were obtained, Plaintiff was escorted back to the housing unit without receiving any further medical treatment.

22. Upon his return, Plaintiff discovered that a new corrections officer, Officer Wenson, had been reassigned to the Jail 17/C housing unit, replacing Defendant Boyce.

23. On the next day, a MetroHealth System staff physician for the Cuyahoga County Corrections Program visited Plaintiff in his housing unit.

24. The physician advised Plaintiff that as a result of the attack, he had sustained a "small facial fracture" and Plaintiff was issued a prescription for five days of pain medication.

25. Plaintiff was not provided with any further instructions or information regarding his injuries and no further treatment was provided.

26. In early June 2021, approximately three to four weeks after Plaintiff was attacked by Gaines, Plaintiff was transported from the Cuyahoga County Jail to Metro Hospital where he was examined and evaluated by a hospital surgeon.

27. Following a complete evaluation, the hospital surgeon concluded that, as a result of the repeated blows Plaintiff received to his head and face from Gaines during the brutal attack, Plaintiff ultimately sustained multiple gross fractures to his face and head area and needed immediate surgery.

28. The surgeon further determined that, due to the severity of the multiple injuries and fractures to Plaintiff's face, surgery should have been performed within two weeks after the attack occurred.

29. Plaintiff was advised surgery would occur in approximately three weeks, in late June 2021, and the surgeon released Plaintiff to return to the Cuyahoga County Jail to await the surgery.

30. At no time during this waiting period did Defendants make Plaintiff aware of the exact date of his surgery.

31. Corrections officers appeared one mid-morning in late June 2021 with the intention of transporting Plaintiff for his scheduled surgery.

32. Plaintiff could not proceed with the scheduled surgery because he was not advised of dietary restrictions that must be executed prior to surgery as a result of Defendants failing to advise Plaintiff of the scheduled surgery date.

33. Accordingly, Plaintiffs surgery was rescheduled to July 2, 2021.

34. The surgical team was forced to rebreak bones in Plaintiffs face during surgery as a result of Defendant's failure to provide Plaintiff with required immediate medial attention following the attack.

### Second Incident

35. On November 2, 2021, Plaintiff was transported from the Cuyahoga County Jail to the courthouse for scheduled judicial proceedings.

36. Per court procedures, on arrival at the courthouse, Plaintiff was placed in a holding cell to await the calling of his case number.

37. With full knowledge that Plaintiff was attacked by Gaines, officers placed Plaintiff in imminent harm when they placed Plaintiff in the same cell with Gaines.

38. At that time, Gaines viciously attacked Plaintiff a second time, repeatedly punching him in the face in the exact locations of the existing incision and surgical sites.

39. As a result of Gaines' second brutal attack on Plaintiff, Plaintiff suffered additional serious injuries to his face, required further medical treatment, and was unable to fully heal from the wounds he suffered.

40. As a result of Defendants' actions, Plaintiff suffered physical and mental anguish, harms that are still felt today.

### V. CAUSES OF ACTIONS

**FIRST COUNT - VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(EIGHTH AMENDMENT – DELIBERATE INDIFFERENCE)**

41. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully states herein.

6

42. The Eighth Amendment of the U.S. Constitution provides, in pertinent part, that cruel and unusual punishments not be inflicted.

43. Plaintiff suffered from serious medical needs including timely surgery to his face.

44. The named defendants refused to adequately treat these serious medical needs, such that it rises to the level of deliberate indifference to Plaintiff's serious medical needs.

45. The named defendant's decision to withhold appropriate medical care and treatment from Plaintiff as described herein with deliberate indifference to Plaintiff's serious medical needs, whole Plaintiff was in the Ohio Department of Corrections custody, violated his constitutional protected rights.

46. As a direct and proximate result of these Defendants' actions, Plaintiff suffered damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

7

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

**SECOND COUNT – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (EIGHTH AMENDMENT/NEGLIGENCE: UNSAFE ENVIRONMENT)**

47. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully states herein.

48. Defendant Boyce knowingly and negligently abandoned his assigned post after the cell doors of the jail housing unit were opened and the inmates, specifically Plaintiff and Gaines were allowed to intermingle.

49. Defendant Boyce was well aware of the severe danger to Plaintiff and failed to properly supervise the jail and provide for Plaintiff's safety.

50. Defendants placed Plaintiff in a cell with Gaines for a second time with full knowledge that a second attack was imminent and certain to cause severe injury to Plaintiff.

51. The numerous injuries Plaintiff suffered as a result of the two attacks from Gaines were a direct result of Defendant Viland's failure to properly train and manage Defendant Boyce and Defendant Clinical Staff Members of the County of Cuyahoga, State of Ohio.

52. The numerous injuries Plaintiff suffered as a result of the two attacks from Gaines were a direct and foreseeable result of Defendant Boyce's failure to adequately supervise and protect Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

    (a)    Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

    (b)    Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

    (c)    Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

    (d)    Grant such other and further relief as justice requires.

## THIRD COUNT – NEGLIGENCE

53. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

54. Plaintiff's injuries were the result of Defendants' negligent actions because the Defendants owed Plaintiff a duty; Defendants breached that duty; Defendants' breach caused Plaintiff injury; and Plaintiff suffered injuries that a court can compensate, known as "damages."

55. Defendants owed Plaintiff a reasonable duty of care.

56. The Defendants failed to protect Plaintiff.

57. The Defendants knowingly placed Plaintiff in direct and imminent physical and mental injuries.

58. Defendants were negligent in performing their duties and failed, neglected and/or refused to properly and fully discharge their responsibilities.

59. By their negligent conduct, Defendants have inflicted extreme and severe emotional distress on Plaintiff, who was forced to undergo invasive surgery to his face as a result of Defendants' actions.

60. Defendants' actions proximately caused Plaintiff emotional and physical injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## THIRD COUNT – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

61. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

62. Defendants committed all four elements of intentional infliction of emotional distress: Defendants acted with intent; Defendants' conduct was extreme and outrageous; Defendants' conduct caused the Plaintiff emotional distress; and Plaintiff's emotional distress was severe.

63. The Defendants failed to protect Plaintiff leading to mental and physical injuries.

64. The Defendants failed to provide required medical care to Plaintiff leading to mental and physical injuries.

65. Defendants' intentional actions of abuse caused Plaintiff extreme emotional distress.

66. Defendants knew the impact their actions had on Plaintiff.

67. Defendants' actions were both extreme and outrageous.

68. Defendants' actions rose to the level of gross negligence.

69. Defendants' actions were knowingly undertaken to harm Plaintiff.

70. At least, Defendants' actions were gravely reckless.

71. Defendants' actions proximately caused Plaintiff's severe emotional distress and physical injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss, physical harm, humiliation, mental anguish, and emotional distress and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting the Defendants' wrongful actions, a fair investigation into Defendants and appropriate discipline of each of the individual Defendants;

(c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d) Grant such other and further relief as justice requires.

## JURY TIAL DEMANDED

Plaintiff herby demands a trial by jury on all issues so triable.

Dated:  May 2, 2023

                                                                    Respectfully Submitted,

                                                                    */s/Solomon M. Radner Esq.*
Solomon M. Radner, Esq. (MIP73653)
THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
Tel: (248) 987-8929
solomonradner@kaltmanlaw.com

/s/ *Keith Altman* (*pro hac vice to be applied for*)
Keith Altman, Esq.

THE LAW OFFICE OF KEITH ALTMAN
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48331
Tel: (248) 987-8929
keithaltman@kaltmanlaw.com

*Attorneys for Plaintiff*